UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIGUEL PERALTA,                                          :
                                                         :
                                    Plaintiff,           :
                                                         :
              -against-                                  :
                                                         :          **COMPLAINT**
SHK HOLDINGS INC. d/b/a BATTERY PLACE                    :
MARKET, and SUNG KIM,                                    :
                                                         :
                                    Defendants.          :
------------------------------------------------------------------------X

Plaintiff Miguel Peralta ("Plaintiff" or "Peralta"), by his attorneys Pechman Law

Group PLLC, complaining of Defendants SHK Holdings Inc. d/b/a Battery Place

Market ("Battery Place Market") and Sung Kim ("Kim") (collectively, with Battery

Place Market, "Defendants"), alleges:

## NATURE OF THE ACTION

1.      Defendants employed Peralta as a food preparer at the Battery Place

Market located at 240 Murray Street, New York, NY 10282.  Battery Place Market is a

grab-and-go market in Lower Manhattan that serves a wide range of "unique, healthy

and great tasting products," per the company's website.  During the course of Peralta's

employment with Battery Place Market, Defendants failed to pay Peralta overtime

wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and

the New York Labor Law § 190, *et seq.* ("NYLL"), failed to pay him spread-of-hours

pay, and failed to furnish him with wage notices and accurate weekly wage statements.

2.      Plaintiff brings this action pursuant to the FLSA, the NYLL, and the New

York State Wage Theft Prevention Act ("WTPA"), seeking injunctive and declaratory

relief against Defendants' unlawful actions and to recover unpaid overtime wages,

spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because all events relevant to this action occurred at Battery Place Market, which is located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5.      Peralta resides in Brooklyn, New York.

6.      Peralta was employed by Defendants at the Battery Place Market located at 240 Murray Street, New York, NY 10282 as a food preparer from approximately October 2013 through September 16, 2018.

**Defendant SHK Holdings Inc.**

1.      Defendant SHK Holdings Inc. is a New York corporation that, at all times relevant to this action, owned and operated the Battery Place Market where Plaintiff worked, located at 240 Murray Street, New York, NY 10282, and, from at least the beginning of Plaintiff's employment through approximately 2017, the Battery Place Market located at 77 Battery Place, New York, NY 10280.

2.      Throughout Plaintiff's employment, Defendant SHK Holdings Inc. had employees engaged in interstate commerce or in the production of goods for interstate

commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

3.      Within the three years prior to the filing of this Complaint, Defendant SHK Holdings Inc. had an annual gross volume of sales in excess of $500,000.

**Defendant Sung Kim**

4.      Kim is an owner of Battery Place Market.

5.      In *Flores v. Battery Place Market Corp. et al.*, No. 17 Civ. 2611 (ALC) (KNF), Kim acknowledged in Defendants' Answer to Plaintiff's Second Amended Complaint (ECF No. 31) and in an Affidavit of Confession of Judgment (ECF No. 56-1) that he is the owner of SHK Holdings Inc.

6.      SHK Holdings Inc.'s New York State Division of Corporations service of process address is 25 Tweed Blvd., Nyack, New York 10960—the same address at which Defendant Sung Kim resides. *See id.*

7.      Kim has authority over personnel decisions at Battery Place Market, including hiring and firing restaurant employees, setting their wages, setting weekly work schedules, directing their work duties, and otherwise controlling the terms and conditions of their employment.

8.      Kim was regularly present at Battery Place Market every few weeks. When Kim was not present at Battery Place Market, General Manager Vicente Milan ("Milan") oversaw the business on his behalf, but Kim had final say on business management decisions. For example, Milan spoke with Kim on the phone whenever there was a problem at Battery Place Market. On the occasions when Peralta asked Milan for a raise, Milan told Peralta that he needed to talk to Kim about it. After discussing the potential raise with Kim, Milan told Peralta, "Kim said ok."

9.      Kim exercises sufficient control over Battery Place Market's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

10.     Throughout his employment at Battery Place Market, Peralta was responsible for preparing the salads and sandwiches in the deli, including slicing all of the fresh ingredients for the salad bar and preparing and serving food to customers.

11.     Peralta did not order supplies and did not hire, fire, discipline, or supervise any other Battery Place Market employees.

12.     From approximately October 2013 through June 2016, Peralta worked a regular schedule of Monday through Friday from approximately 6:00 a.m. to 4:30 p.m., and Sunday from approximately 8:00 a.m. to 2:00 or 3:00 p.m., totaling approximately fifty-eight and one-half to fifty-nine and one-half hours per workweek.  Though Peralta punched in and out of a timeclock during this period of employment, Defendants paid Peralta a fixed salary in cash, regardless of the actual number of hours that he worked.

13.     From approximately October 2013 through March 2014, Defendants paid Peralta a fixed salary of $460 per week in cash.

14.     From approximately April 2014 through July 2015, Defendants paid Peralta a fixed salary of $600 per week in cash.

15.     From approximately August 2015 through June 2016, Defendants paid Peralta a fixed salary of $700 per week in cash.

16.     Throughout his employment at Battery Place Market, on the rare occasions on which Peralta missed a day of work, Defendants deducted $100 from his pay for that day.

4

17.     From approximately May 2018 through the end of Peralta's employment on September 16, 2018, Milan regularly deducted 2.5 hours per workweek from Peralta's pay for breaks which he did not actually take.  During this period, Peralta worked approximately forty-seven to fifty-one hours per workweek.

18.     During May 2018, Defendants paid Peralta at a rate of $14.00 per hour and $21.00 per hour for all hours worked over forty in a workweek.

19.     From June 2018 through September 16, 2018, Defendants paid Peralta at a rate of $15.00 per hour and $22.50 per hour for all hours worked over forty in a workweek.

20.     When Peralta complained about Defendants' deduction of 2.5 hours per workweek in his paycheck for breaks he did not take, Milan replied that he would fix it.  Peralta was never compensated for these overtime hours.

21.     From approximately October 2013 through June 2016, Peralta regularly worked five shifts per week that spanned more than ten hours in a day.

22.     Defendants did not compensate Peralta with one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten hours.

23.     From approximately October 2013 through approximately June 2016, Defendants did not pay Peralta at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

24.     Defendants paid Peralta his wages without an accompanying wage statement accurately reflecting, *inter alia*, Peralta's regular and overtime hourly rates of pay and the number of hours worked.

25.     Defendants did not furnish Peralta with a wage notice at the time of his hiring or whenever his rate of pay changed.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

26.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

27.    Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

28.    Defendants were required to pay Plaintiff one and one-half (1½) times the regular rate at which Plaintiff was employed, and which must equal at least the minimum wage, for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

29.    Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

30.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

31.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

32.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

33.    Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

34.    Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one-half times the regular rate of pay, which is equal

to at least the minimum wage, for all hours he worked in excess of forty in a workweek.

35.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

36.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

37.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
**(New York Labor Law – Spread-of-Hours Pay)**

38.    Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

39.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

40.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.*, of the NYLL and violated the supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

41.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover liquidated damages in an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)**

42.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

43.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

44.     In violation of NYLL § 195(1), Defendants failed to furnish  Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

45.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

46.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

47.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

48.     Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

49.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL Regulations;

b.     declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c.     declaring that Defendants violated the notice and wage statement provisions of the NYLL and WTPA;

d.     declaring that Defendants' violations of the FLSA and NYLL were willful;

e.     awarding Plaintiff unpaid overtime wages;

f.     awarding Plaintiff unpaid spread-of-hours pay;

g.     awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due;

h.     awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL;

i.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

        j.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to

the FLSA and the NYLL; and

        k.      awarding such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
        January 14, 2019

                             PECHMAN LAW GROUP PLLC

                             By:

                               Louis Pechman
                               Jaime Sanchez
                               Gregory S. Slotnick
                               488 Madison Avenue, 17th Floor
                               New York, New York 10022
                               Tel.: (212) 583-9500
                               pechman@pechmanlaw.com
                               sanchez@pechmanlaw.com
                               slotnick@pechmanlaw.com
                               *Attorneys for Plaintiff*